\*Cincinnati, G. & P. Ry. v. William E. Dameron, Admr.

1. **Verdict not Reversed on Weight of Evidence Showing Licensee on Tracks Run Down by an Interurban Car.**

   Damages having been awarded against an interurban railway company for the death of a licensee upon its track who was struck by a car, the judgment will not be reversed on the weight of evidence, the testimony for plaintiff being to the effect that the deceased had caught his foot and could not get off the track and others with him were signalling the motorman to stop, and the motorman, that he saw persons on the track in ample time to stop the car but did not see any signal to stop or become aware of the peril of the decedent until too late to avoid the accident.

2. **Charge Broad but not Prejudicial.**

   A charge to the jury in an action for wrongful death of a licensee on an interurban track, that it was the duty of the company to keep a lookout to see if there were licensees upon the track and if a licensee was on the track to use reasonable care not to run him down, may have been too broad, but in view of the testimony of the motorman in this case was not prejudicial.

Error to common pleas court.

*Frank F. Dinsmore*, for plaintiff in error.
*S. O. Bayless*, for defendant in error.

## SMITH, P. J.

The main error relied upon by plaintiff in error to secure a reversal of the judgment of the court of common pleas rendered in favor of defendant in error, is that the verdict is against the weight of the evidence and the court should have instructed a verdict in favor of plaintiff in error.

In this connection we can not agree with counsel for plaintiff in error. The evidence offered on behalf of plaintiff below not only would be sufficient to sustain the finding of the jury, but we think it is very materially strengthened by the evidence

---

*Affirmed, no op., Cincinnati G. & P. Ry. v. Dameron, 85 O. S. 000; 55 Bull. 119.

introduced by the defendant below through its agent, the motorman of the car that ran over the decedent.

It was distinctly admitted in this court that the decedent was a licensee upon the track of plaintiff in error, and the evidence on his part shows that he and his companions were using all possible means to notify the motorman of the car of the situation. It is further disclosed from the motorman's own testimony, that he saw the boys some distance up the track as he approached them, that upon passing the station at Koehlers, the speed of his car was fifteen miles an hour, that the power had been thrown off and he was coasting along the track, during all of which time he saw the boys. He says he did not see them make any sign of distress and did not know they were in distress until he got so near that when he saw the boy was caught it was too close for him to stop. This is the only material difference between the evidence of the plaintiff and defendant on this point, and we think that where the evidence of the plaintiff below showed to such a marked degree the signalling to the motorman to stop, and under his own evidence, that he saw the boys at such a great distance from them he must be mistaken in this statement; at any rate, this was the matter to be determined by the jury and it having come to a conclusion in favor of plaintiff in error, which we think justifiable, the verdict should not be disturbed.

The second ground of error urged is that the court in its general charge told the jury, that it was the duty of the traction company to keep a lookout to see if there be licensees on its track and in the event there be a licensee on its track be ready to use reasonable care not to run such licensee down.

It may be that this charge of the court is too broad as compared with the rule laid down in 3 Elliott, Railroads Sec. 1250, but if so, we do not think under the pleadings and the evidence disclosed in the record, that such charge, if erroneous, is prejudicial.

As said above, the evidence of the motorman was, that he saw these licensees upon the track quite a distance from the place where the accident occurred, therefore, according to the

Railway v. Dameron.

rule of Elliott, he should not have willfully or wantonly injured them, but his duty was to use reasonable care to avoid injury to them after the danger was discovered. His evidence in this respect is, that when he got so near that he could see if the boy was caught, it was too close for him to stop, but he immediately pulled the sand-lever and reversed the car. The determination of this question of negligence on the part of the motorman was found by the jury against him, and we can not say but that this finding is correct.

As there is no error in the record the judgment will be affirmed.

**Swing** and **Jones, JJ.,** concur.